UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KEVIN BATTLES; RANDI BILDEAUX; and BRIAN MELKERT, | Case No. 17-CV-1429 (PJS/HB) |
| Plaintiffs, | |
| v. | ORDER |
| GLASSBRIDGE ENTERPRISES, INC., f/k/a IMATION CORP., | |
| Defendant. | |

---

Kaarin Nelson Schaffer and Emma R. Denny, HALUNEN LAW; and Mic Puklich, NEATON & PUKLICH, PLLP, for plaintiffs.

Archana Nath and Mark P. Schneebeck, FOX ROTHSCHILD LLP, for defendant.

This matter initially came before the Court after defendant GlassBridge Enterprises, Inc. ("GlassBridge") removed this case to federal court and then moved to dismiss. After the Court denied the motion to dismiss and remanded the case to state court, plaintiffs asked that GlassBridge be ordered to pay the attorney's fees and costs that plaintiffs incurred as a result of the removal. ECF No. 21.

Section 1447(c) of Title 28 of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court "has 'considerable discretion' in determining whether to award attorney's fees pursuant to

28 U.S.C. § 1447(c)." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482 (8th Cir. 2015) (quoting *Wells Fargo Bank W., Nat'l Ass'n v. Burns*, 100 F. App'x 599, 599 (8th Cir. 2004) (per curiam)). This discretion, however, is not limitless. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) ("The fact that an award of fees under § 1447(c) is left to the district court's discretion . . . does not mean that no legal standard governs that discretion."). District courts should require the payment of fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141; *see also Robinson v. Pfizer, Inc.*, 855 F.3d 893, 896 (8th Cir. 2017) (noting district courts may award fees for "improper removal"). If there was "a colorable argument" that the federal court had jurisdiction, an award of attorney's fees is unwarranted. *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 694 (8th Cir. 2016).

Although this Court ultimately remanded this case to state court, the question was close. ECF No. 18. GlassBridge made a better-than-colorable argument that plaintiffs' claims were based entirely on an ERISA plan and communications regarding that plan, and thus that plaintiffs' claims were completely preempted by ERISA. *See* ECF No. 8 at 11-17. The Court eventually disagreed with GlassBridge's argument, but GlassBridge nevertheless had "a reasonable basis to remove the action. . . ." *Moore*, 828 F.3d at 694. Plaintiffs' request for attorney's fees under § 1447(c) is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiffs' request for attorney's fees and costs [ECF No. 21] is DENIED.

Dated: July 28, 2017					s/Patrick J. Schiltz
							Patrick J. Schiltz
							United States District Judge